morning, Mr. Williams. Please support counsel. Willis Mitchell appeals his convictions in two Kane County cases upon negotiated guilty plea. One plea was to a charge of unlawful possession of a controlled substance. In the other case, the charge he pled to was resisting a peace officer, received consecutive sentences of three and two years on those convictions. Were those cases consolidated? In the circuit court, yes. Yes, they were handled together. Now, the state had elected to try case 639, the possession case, first. The term consolidated is kind of loose. They were on the same call, but they were not going to be tried together. Correct. So they're not per se consolidated. For convenience purposes, the plea agreement considers both charges, which happens all the time. Correct. Correct. It was case 639, the possession charge that was actually set for trial in the time frame we're talking about. And case number 1461 was not included in the defendant's pro se motion to withdraw. So how do we have jurisdiction over that case? Well, this is a negotiated plea, Your Honor, where both counts were – it was a package deal. It covered both counts. I don't think the defendant could walk in there and withdraw a plea to just one count in this kind of situation. But how about the time frame and missing his time to file the motion withdraw or the time to file his appeal, when you have pleas on two different dates on two different cases? Well, this was a package deal. He files the pro se motion to withdraw the plea in timely fashion as to the one case, the one case number that's on it. That's just 39, that's the possession? That's the possession case. So as to one case, but you said it was a package deal. Well, once he does that and it's a package deal, he has the right to counsel once he files that motion The defendant does in fact accept the appointment of counsel. He has requested counsel. That's the whole issue in the case. He has accepted – he has asked for counsel. He gets the motion, the post plea motion on file timely. The attorney then puts both case numbers onto it because the attorney obviously is going to recognize this is a deal that covers both cases. You can't just withdraw one of them. He's initiated the post plea proceedings in at least one of the cases in timely fashion. That should be enough. Again, that's what the attorney realizes, but the defendant seeks to withdraw his plea on the case that's not going to expose him to class X penalties, but doesn't seek to withdraw his plea on the case that potentially would expose him to class X penalties. That's what he does. I'm talking about what he does. There's no indication in the record that the defendant was trying to confine this to just one case. I'm talking about a common sense reading. He was facing potential class X penalties on 1461, and his motion to withdraw a plea did not list 1461. Isn't that a prerequisite? I mean, that you make a motion to withdraw a plea? I mean, from the state's point of view. There's nothing in the record where the defendant affirmatively says he's trying to limit it to the one case. Again, he's acting on his own at that point. He does put only one case number on that. As soon as the attorney is involved, he tries to take it back. The issue that we are raising on appeal goes to both cases. It's not the defendant trying to not take the plea back as to both cases. Once he got the assistance of counsel. Does he know? Has he been advised that if we were to overturn this, he's facing class X penalties, consecutive sentencing and a class X? Does he know that? You're asking me to go make a complaint? No, no. The communication, this has happened before in this court where we send cases back and the defendants do worse. And obviously that risk is here. Let me speak hypothetically or in general. Yes. Do your due diligence. Okay. Correct, Your Honor. Now we have established that they're a package deal. The two cases are together. Didn't he try to withdraw his plea on one of them? Didn't he get the benefit of the bargain by packaging these cases together and pleading that way? How could he now withdraw on one and not on another? That's my point. I freely accept the fact that if he tries to withdraw, it has to go to both. We understand that. The issue we've raised asks to withdraw the plea as to both. You can't enter a bargain in two cases where it's a negotiated sentence and then try to split it in half. I'm certainly not trying to make that sort of argument, Your Honor. The issue we've raised would ask to withdraw the plea as to both counts. In your brief, you cite, is it Kozloff? Koseyla. Koseyla. Yes. And in that case, the defendants, the co-defendants made clear prior to the appointment of the public defender that they did not want the public defender in court. And the issue was the court should have appointed the public defender and waited for another day to decide whether or not the public defender was disqualified or there were grounds to appoint bar counsel. Isn't this case different? The defendant had two different public defenders on each case. Both of them could counsel him. I disagree. First of all, he had the same public defender on both cases. I thought he had. He had Ms. Weiss on both cases. The supervisor came in to talk to him to try to discuss the plea offer from the state on the November 28th or pre-November 28th with him. But he had the same public defender. The same lawyer on both but consulted with the supervisor. Right. And they bring in the supervisor for a conversation with him. Do you really think about this plea deal, whatever it was, but when they're discussing the plea deal, yes. So he has the attorney. But to answer your underlying question on concealment, no, I don't think it makes any difference, Your Honor. The point here is when you are entitled to appoint a counsel, unless there's something to disqualify, such as a conflict of interest or ineffective assistance claim that there is substance to, when you have a right to appoint a counsel, it is the public defender. That's why the choice here, when he, again, asked to have counsel reappointed on December 5th, the court should have made, put it to him, yes, I will reappoint you counsel, but it will be the public defender. Those are your only two choices. Go with the public defender. Represent yourself. That's the choice that should have been put to him on December 5th. But he had made a motion for a Bar Association attorney. So, I mean, why couldn't the judge rely on what his position had been previously with respect to the public defender? And, you know, the abuse of discretion standard's a pretty high one. I mean, why was this an abuse of discretion under these particular facts that we've just been talking about? Because he had had the week to think about it and realized, I can't represent myself, he came back in and did request the appointment of counsel. And to finalize that decision, before going ahead with further proceedings, the court had to give him his option. Yes, I can appoint you counsel, but this is what it will be. You have to put that choice to him one more time. And I don't think with such a fundamental right as the right to counsel, a presumption can be made that he would have said no. So, if we're to the final choice of, it has to be, this is your only alternative to going yourself, is to have the public defender. Because you haven't shown me enough to disqualify the public defender. I think you're, I mean, it's an eloquent argument, but he files the motion for appointment of bar counsel in a separate motion. At the same time, they're both pro se motions. A motion for appointment of counsel, not a motion for the public defender or to reappoint the same lawyer. I mean, the trial court made a finding of fact that, did he not, that he was asking for the appointment of private counsel. I wasn't giving it. I'm not giving it to you. Right. That's a finding of fact, isn't it, by the trial judge? And we aren't claiming that the court should have given him a bar association attorney. I know that, but the court's already discussed this with him, and now he's filed a written motion, and he's not asking for reappointment of the public defender. He's asking for bar counsel or counsel. But that's the point. I would read those in the reverse order. So the judge has to do these mental gymnastics. What is this guy really doing? How about requiring the defendant to speak up and say, give me the same public defender? Obviously, this man was not going to, he was not going to affirmatively request the same public defender. But that is really what you're doing. Aren't you asking, though, the judge to make the motion for the defendant in the sense that since he asked for an attorney, but he asked for a bar association attorney, you're saying, no, now the judge has to interpret this as a public defender, that he's making the motion. Maybe this is really putting the judge in a position that the judge should not be. I don't think there's anything unfair about putting the judge in this position. No, no, but, I mean, it's the defendant's motions, right? I mean, the court can't make a motion for the defendant. But that's part of the point. And so taking what the judge had in front of him, that's what the judge ruled on. But, Your Honor, motions is the key word here. There are two separate motions. One just says, I can't represent myself, I want counsel. Now, the other says, I want bar association counsel. Does that equal revoking his waiver of counsel? The first motion does, yes, Your Honor. Yes, that revokes. To the extent he can retract, he's doing what he can to retract that waiver. Now, he does, again, he's still sticking with his effort to not have the public defender. The judge again looks at that and says, no. Once the judge says, no, you still aren't showing me grounds to appoint you other counsel, he's got to make one last step. Look, I'm not giving you another attorney, that's final. You're now telling me you don't want to represent yourself. Here's your only two choices. But he has to put into that choice at that point. And Calzillo is the case, primary case for that. Correct, Your Honor. Now, let me ask, does the way this case is, you know, this issue arises where the defendant, the trial judge says, look, I want you to take time. You're representing yourself. Take some time. I'm going to give you some time, a week or whatever, to consider the state's offer. And the defendant says, no, I want to plead today. I want to plead today. And then, in your brief, you say, in your reply brief, the injustice was leading the defendant to represent himself on two felony cases. What's the injustice? And it's not just injustice. There has to be a showing of manifest injustice, right? Correct. What's the manifest injustice here? Proceeding without counsel. What about the great deal that he got? It looks like he had an even better deal on the November 28th date. We only know what the sentence was in one of the two cases on that first date. But it was one year instead of three years on that first date. We don't know what the package deal was. We don't know what sentence the state was proposing. It appears to have been the same two counts on both dates. But we don't know what changed in the bargaining process between the two dates. So, yes, in one way you could say, hey, he got a good deal. He beat the class X charges. On the other hand, he may have been worse off than he was a week earlier on November 28th. Again, my point is, what's the showing of manifest injustice? What's his defense that would have been viable? What's his – you understand the point? I understand the point, but this is the right to counsel.  But the right to counsel can be waived. And the defendant may – you acknowledge he made a full, knowing, and intelligent waiver of his right to counsel. Correct. It may be waived. And it also – you may also undo the waiver. And he asked to retract the waiver. And the fact that they did not do – the judge did not do the proper inquiry at that point left us with a violation of the fundamental right to counsel. And I don't think we did – it's a harmless error. So you don't think – It can't be harmless. Once you submit that the waiver was revoked, there's no balancing test or nothing looking about – looking at what type of deal he got or whether or not there was a – I don't think the type of deal. The factors that are looked at – the only case law in this talks about things like where somebody tries to – okay, I want to change my mind in the middle of trial or on the day of trial. The delay situations or the interfering with the administration of justice situations, that's not what we have here. This was done at a pretrial hearing. If the public defender had been reappointed, there's – it's not – this case could well have gone to trial when it was already scheduled. So the factors that are taken into account in looking at that don't come into play here or are in the defendant's favor here if you want to – putting it another way. And it may well have been that the public defender is appointed and said, look, you got the best deal you're going to get, and the defendant may not have sought to withdraw his plea. That's your point as well, isn't it? He's entitled to at least have counsel. He's entitled to at least have counsel there if counsel had been appointed. Yes, he could have had counsel talk to the state that day and try to get the earlier deal – if they were different. And I don't know what the total was between the two cases, but yes, he could have had counsel look at the plea or been involved in the plea negotiations, at least taking a try to see if there was anything different. And if not, obviously the option of going to trial was there. The court had also advised him of the option of a blind plea, too. That had been part of the college plea on November 28th. So yes, he knew his options from that, but he realized, I need an attorney to do this, and we also have been in the business of sort of error where you don't analyze prejudice in how good was the deal, in such terms as how good was the deal. And with respect to jurisdiction, your position is these cases cannot be considered separately, and that motion to withdraw a file on one case – I don't think you can enter a negotiated plea in a package deal and then try to undo part of the deal. Once he did something to initiate his right to appeal, it triggered the right to counsel. He got counsel, and counsel recognized that, hey, we have to ask something as to both cases. This has to go to both cases. It has to undo the whole deal. Anything further? No. Thank you so much, Mr. Romero. Ms. Diaz. Good morning, Your Honors. Counsel, may it please the Court. Amy Diaz on behalf of the people. I'd like to start by addressing the jurisdictional issue. I agree with counsel. For lack of a better term, due to the fact that this was a package deal, I don't think the issues could have been taken up separately. And when the defendant did file the motion in 639, the motion to withdraw 639, he was then appointed counsel to which he was entitled. And due to the package deal and the amended motion, which did address both the 639 and 641, we submit that Your Honors do have jurisdiction in this case. Thank you. As to the merits, the issue here is twofold. The first issue is whether Justice Karen Simpson. Judge. Oh, I'm sorry. That's right. Judge Karen Simpson abused her discretion when she denied defendant's motion to withdraw his guilty plea. And the answer to that inquiry hinges on what happened on December 5th, which was whether Judge Allen Anderson abused his discretion when he denied defendant's motions for reappointment of counsel. So did defendant revoke that waiver on December 5th? He attempted to. But both of those decisions as to the withdrawing of the guilty plea and defendant's motions for reappointment of counsel, both of those decisions have to be analyzed under the abuse of discretion standard. Well, the case, People v. Pratt, and I think your opponent cited it. Yes. That case stands for the proposition that whether or not the defendant is using his revocation of his waiver of counsel as a weapon to thwart the administration of justice. Clearly here, it would not have thwarted the administration of justice because the court freely gave the defendant continuance. I think it was for months to prepare. Absolutely. It is not the people's position that defendant was using it as a weapon. So then what would the harm have been for the court to give him or admonish him? Okay, I'll give you the attorney, an attorney that's only going to be that public defender again. Your Honor, I don't think the question is what the harm would have been. The question should be what was the abuse of discretion here? Judge Anderson was faced with a very difficult decision. Yes, defendant filed two motions. I apologize for not addressing the more general one in my brief to the extent that that would have made it clearer. That does not change our position on appeal. We believe that the specific motion governs because in the specific motion, defendant said he did not, that he wanted Bar Association counsel. And he indicated that the public defender's office was not equipped to handle his case. He maintained, as he did on November 28th, that he had a legal conflict with the public defender's office. And as to what the harm would have been, if your Honor is to look at the transcript from the December 5th hearing where defendant moved to have counsel reappointed, he said, I don't feel that I could go to trial with her, her being Ms. Weiss. So there are other attorneys in the public defender's office, aren't there? There are, but the judge does not have the right to appoint a specific public defender. And defendant does not have a right to forum shop. He has a right to counsel, and he was given that right. But doesn't the case law say that the courts must indulge in every reasonable presumption against waiver? That the court should make all reasonable presumptions in favor of the revocation of the waiver? The court's got to kind of go out of the way. This is a constitutional right that this man has. Would it have been any harm, or doesn't the case law tell us, the court can say, okay, you're saying you don't want this person. I will ask the public defender to look at this case. If you get her again, then we'll talk about it. You don't want her and they have nobody else for you, you're going alone, pal. At that point, that would have been unnecessarily delaying this case indefinitely. Yes, I agree that defendant does have a constitutional, it's indisputable that defendant has a constitutional right to counsel. It's a fundamental right. That right was honored. He chose to waive that right. But then he tried to revoke that right. He did try to revoke that waiver. He tried to revoke that waiver, but in trying to revoke that waiver, he made it very clear that he didn't want not only Ms. Weiss, but that he had been unhappy with Ms. Weiss and her supervisor, and there was nothing in the record to indicate that he would have been happy being represented by anybody in the public defender's office. And that's supported by the more specific motion he filed in which he indicated that the public defender's office was not equipped to handle his case. And that's what you're referring to when the court made the comment that he didn't have the ability. He was referring to appointing somebody other than these people who had been on the case? When he said I can't, yes. That's the reference. You read that comment in context of what is taking place. Yes. If you read it in context, I think he says I can't nor do I have the ability. I believe that's what Judge Anderson said. I can't read in context the record supports that I can refers to the specific motion. I can't give you bar association counsel because there is no legal conflict of interest. You have a disagreement. That doesn't constitute a conflict of interest that would allow me to appoint bar association counsel. And then as to the I don't have the ability, I think the judge at that point was speaking to defendant's attempt to get into the conversations he had engaged in with Ms. Weiss. I don't have the ability to listen to what you're saying happened behind the scenes, and I can't change my mind based on that. I'm not going to pierce, as he had said, on the 28th of November. You're going to be waiving attorney-client privilege. I don't want to know. As to the bar association motion, I cannot grant that because there is no conflict of interest. How do you distinguish People v. Baker that Mr. Lillian cited and People v. Griffin? Again, the strong admonition that a reviewing court should make all reasonable presumptions in favor of revocation of a waiver. Baker basically says the same thing. Waiver carries forward to all subsequent proceedings unless the defendant later requests counsel. He requested counsel here. He did, but that right, again, his request. While he has a fundamental right and an automatic right to counsel at the beginning of a criminal proceeding, that right, the way we distinguish this is that once he waives it, that right is no longer unequivocal. And given the situation here, I don't know what else Judge Anderson could have done. The defendant made it very clear in both his motion and at the December 5th hearing where he kept complaining about the public defender's office that he believed he had a conflict. The public defender's office wasn't equipped. He couldn't go to trial with Ms. Weiss. He had a disagreement with her supervisor. Well, maybe he changed his mind in that week in between, though. I mean, he could have changed his mind about all of that, as Mr. Lillian said. He had a week to think about it. He thought, I can't do this without counsel. Maybe he would have been more flexible. I mean, yes, he did file the motion for the Bar Association attorney, but, you know, how do we know he didn't have a backup or fallback position that, you know, he would have then accepted an appointment with the public defender? I'm sorry, Your Honor. I may have gotten, just to be clear, he said that he didn't want to go to trial. This was on, at the hearing on the December 5th motion. This was on December 5th. So not only on November 28th when he waived his right to counsel, on the 5th he also said, I don't feel that I could go to trial with her. And then he insisted that he had a legal conflict with the office. And at that point, if he's filing a motion on December 5th saying he doesn't want the public defender's office, he's saying he's not comfortable going to trial with Ms. Weiss. And the manifest injustice that the defendant argues on appeal is that Judge Anderson did not offer what we would go so far as to say would have been a fruitless nicety is an abuse of discretion. That's the finding that he made, isn't it? I'm sorry? The judge made a factual finding that the defendant was referring to the public defender. He did not want the public defender. No, he said you have the public defender's office, whatever reasons you'd agree with the strategy and whatever else. In my mind, that doesn't mean she wasn't able to represent you or go to trial with you with the issues. And that's the decision you've made. So you represent yourself. So how about somebody else in the public defender's office? I mean, how many people are in the public defender's office in this county? I have no idea, Your Honor. Honestly, I have no idea. That is Kane County. That's a pretty big county. It is a big county, yes. So I imagine the public defender's office is pretty deep. But defendant, as counsel recognizes on appeal, does not have a right to choose his own public defender. The judge should not be allowed to tell his assistant public defender. The judge can't call the public defender and assign an assistant. I've never been a trial judge, obviously. But the judge can't call the public defender's office and say, you know what, he doesn't like at least two people in there. Can we find somebody else and maybe we'll see if that works? That's thwarting the administration of justice. Well, if he's saying she's not representing me, she's forcing me to go and plead, and I don't feel that it's proper that I plead, is it improper for him not to be represented by somebody he doesn't have trust in? She doesn't. I can't imagine she would want to represent him. Again, in a county so deep with a public defender's office, why couldn't the judge call the public defender's office in and say, do you have someone else that can represent this guy? Again, it's a very sacred right that he has, the right to counsel. Oh, I do not see that. So to say, well, the judge doesn't have an obligation to look a little deeper into the public defender's office and see if there isn't someone else to represent him. I think certainly that as far as the administration of justice would go, that's not going to thwart it. It's only going to assist the administration of justice. No judge wants to have a pro se litigant before them. I can tell you that as a former trial court judge. No, I didn't. And as to, I think the argument that it's a big county cuts both ways. He had a disagreement with the supervisor as well, and they both urged him. They did not force him to take a plea, and the judge made it very clear that those were mere recommendations, that it was his right. He had the right to choose whether to take the plea or not. Right, but then he says, yeah, I understand what you're saying, though I had time to think about it. And the judge said, well, I appreciate that you may have had time to think about it, but this case is set for trial. I'll give you more time to prepare. You can do what you feel you need. He said, I changed my mind. He said, I changed my mind, but he never requested. Not only did he not request to have the public defender's office reappointed, he didn't say, can I get another public defender? He didn't. Was there a colloquy between, after he said I changed my mind, is there any colloquy between he and the judge saying, okay, you've changed your mind. Are you ready now for the public defender? Well, no, not explicitly, but they did discuss the public defender's office because the defendant said at that hearing, I'm obligated to just go along with the public defender I got and with whatever she says. I don't feel I could go to trial with her. And then the court said, well, that's not a conflict. In his motion, he said the public defender's office is not equipped to handle my case. He believed he had a legal conflict. Whether or not that's true, and it was not true, it was determined by both judges, and we believe that to be accurate. It was not true. Judge Anderson could not have called. I respectfully disagree with Your Honor that that would not have been the authority of the administration. The judge does not have the authority to require a specific public. It would throw the criminal justice system on its head. Who hires the public defender? Who's the supervising authority of the public defender's office? I would love to turn around and ask opposing counsel. I don't know. Usually it's the circuit court. That's right. So the chief judge can't call the public defender in and say, you have a lot of public defenders in your office. Do you have anybody else that can represent this individual? Honestly, if that were the case and if that were to be the bright line rule, every time something like this happens, which happens very often, we would never move to it. The bright line rule is you can't do it. No cases would be up on appeal ever because defendants would form shop. Or judge shop, not really form shop. Judge shop. Oh, yes, that too. So for these reasons, we honestly cannot find what the manifest injustice was here. As to the sentence, yes, he got a harsher sentence. The state was not obligated to even make a plea offer. His sentence was increased by two years. He pled, and the judge did ask, is this a voluntary plea? Are you doing this? The plea was fine. Yes, he got more onerous terms. Yes, he was at a disadvantage. Every defendant who was pro se is at a disadvantage. At the 401 admonishments, he was warned that he would be at a disadvantage. If everybody who's at a disadvantage then declares that they have suffered a manifest injustice because they've had to represent themselves on two felonies, then we'd have to do away with the constitutional right that they have to represent themselves. This claim is not made in the briefs, but he did pay a harsher penalty because he exercised his right to represent himself. He got two more years for doing that. Counsel noted that in the brief. He did not argue that this was a manifest injustice, but did note that that was a result of the defendant having represented himself and discussed the case with the assisted state's attorneys on his own. If your honors have no further questions. I have nothing further. Thank you so much. Okay, we submit that neither Judge Anderson nor Judge Simpson abused their discretion, and for those reasons, we ask this court to affirm the judgment below. Thank you so much. Thank you very much. Mr. Lowen. Just a couple points, Your Honor. As Justice Shostak noted, all reasonable presumptions should be made against the waiver of the right to counsel. The defendant, no, he did not want the public defender here. The public defender did articulate some of the same complaints on November 28th and December 5th. The judge, though, made the determination, okay, you don't get the bar association attorney. But once that was made, the other motion was there, and that was just a form motion for the appointment of counsel. There was no reference to public defender on the form. He was just asking, say, I can't represent myself. I want counsel. Faced with that, faced with the fact that, no, you haven't shown me enough to get the bar association attorney and disqualify the public defender, the thing the judge should have done at that point was say, okay, you can have attorney, but it's going to be the public defender's office. Now, it would be up to the public defender in Kane County who to assign. Yes, in most situations, I would expect the same assistant would remain assigned to the case. Well, you agree that the judge, not the chief judge nor trial judge assigned to a particular courtroom, can't pick up the phone and say, assign some other public defender. I don't know. I don't want to pick up the phone, but it could certainly be. Regardless of whether or not a particular judge has done it, is there any authority for that? No, I don't think the judge has to take that step, but I think the judge could take that step without the public defender coming in. But the reappointment would not have been of Jillian Weiss. The reappointment would have been of the public defender. Then it would have been up to the public defender to deal with the situation at that point if the defendant had so chosen. Right. For those reasons, we ask this court to find that it was error not to appoint counsel when the defendant retracted the waiver, and therefore the guilty plea should not stand. Thank you. Of course, we'll take this case under consideration, render a decision in due course. Thank you for your time here today and your intelligent arguments. Court is in recess.